IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

v.                     No. 4:21-CR-00285-JM
                           4:24-CV-01005-JM

**PRINCE LANCE STRONG**

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 395) is DENIED.

**I.     BACKGROUND**

On February 7, 2023, Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine.[1] On July 19, 2023, he was sentenced to 120 months in prison.[2] He did not appeal his sentence.

Defendant's motion alleges that: (1) the DEA did not provide any evidence of his involvement in the conspiracy; (2) evidence presented to the grand jury was related to another person; (3) evidence was fabricated; and (4) his lawyer did nothing to help him.

**II.     DISCUSSION**

**A.     Statute of Limitations**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255. Since Defendant did not appeal, his one-year period to file a § 2255 motion began on August 2, 2023 and expired on August 2, 2024. The motion is dated November 13, 2024. Defendant has

---

[1] Doc. No. 272.

[2] Doc. Nos. 313, 314.

1

provided no reasons that would warrant equitable tolling of the statute of limitations.[3] Accordingly, the motion is untimely.

**B.      Merits of the Claims**

Even if Defendant's motion had been timely filed, all the claims are meritless. Despite pleading guilty, Defendant again challenges the evidence against him and asserts his lawyer did nothing to help him.  Defendant's motion simply rehashes the arguments he made in a motion to withdraw plea and during a hearing on that motion.[4]  At the end of that hearing, Defendant admitted that he was guilty of distributing methamphetamine, just like he did at his earlier plea hearing, and asked to proceed to sentencing.  Defendant's claims also are either contradicted by the evidence or conclusory.[5]  Finally, he has neither established deficient performance by his lawyer nor any prejudice.[6]

**CONCLUSION**

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 395) is DENIED.

IT IS SO ORDERED this 2nd day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[3] See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[4] Doc. Nos. 304, 311.

[5] *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir.2001) (conclusory allegations are insufficient to establish ineffective assistance).

[6] See *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).